1
2
3
4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    LEONID YAMBURG, EGD735,                  Case No. 24-cv-04593-CRB  (PR)

8                        Plaintiff,           **ORDER OF DISMISSAL**

9           v.                                (ECF No. 8)

10   STATE OF CALIFORNIA, et al.,

11                      Defendant(s).

12          Plaintiff, a pretrial detainee at the Santa Clara County Jail, has filed a pro se complaint for

13   damages under 42 U.S.C. § 1983 alleging various wrongdoing by the presiding judge and court-

14   appointed public defenders in connection with the ongoing state criminal proceedings against him

15   for the murder of his wife and daughter.  Among other things, plaintiff alleges that Santa Clara

16   County Superior Court Judge Kelly Paul violated his "constitutional presumption of innocence" in

17   her opening remarks and that assistant public defenders Matthew Wilson and William Weigel

18   violated his constitutional rights "for [effective] assistance of coun[se]l" and "for self[-

19   ]representation" on multiple occasions.  ECF No. 1 (Compl.) at 10, 11.  Plaintiff also alleges that

20   unnamed employees at the Santa Clara County Jail and Napa State Hospital violated his

21   constitutional rights in connection with the conditions of his confinement at those institutions.

22          Plaintiff seeks compensatory and punitive damages, and "appointment of pro bono

23   counsel." ECF No. 8 (Mot.) at 1.

24                                    **DISCUSSION**

25   A.     Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

28   1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

United States District Court
Northern District of California

1  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

2  may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id.

3  § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police

4  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.

8  42, 48 (1988).

9  B.    Legal Claims

10      It is well established that a state judge generally is "immune from suit for money

11 damages."  Mireles v. Waco, 502 U.S. 9, 9 (1991).  This immunity is overcome in only two sets of

12 circumstances.  Id. at 11.  "First, a judge is not immune from liability from nonjudicial actions,

13 i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions,

14 though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations

15 omitted).  "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself,

16 i.e., whether it is a function normally performed by a judge, and to the expectations of the parties,

17 i.e., whether they dealt with the judge in his judicial capacity." Stump v. Spakman, 435 U.S. 349,

18 362 (1978).  A "complete absence of all jurisdiction" means a clear lack of subject matter

19 jurisdiction.  Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

20      Plaintiff alleges that Santa Clara County Superior Court Judge Kelly Paul violated his

21 constitutional rights by declaring him a "murderer" in her opening remarks, ECF No. 1 at 8, and in

22 connection with various court rulings with which he disagrees, see id. at 7-9.  None of the alleged

23 actions by Judge Paul in connection with plaintiff's ongoing state criminal proceedings involve

24 nonjudicial actions or judicial actions taken in the complete absence of all jurisdiction.  See

25 Mireles, 502 U.S. at 11-12.  Judge Paul consequently is "immune from suit for money damages."

26 Id. at 9.  See also Munoz v. Superior Court of Los Angeles County, 91 F.4th 977, 981 (9th Cir.

27 2024) ("state court judges cannot be sued in federal court in their judicial capacity under the

28 Eleventh Amendment") (footnote omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff's allegations that assistant public defenders Matthew Wilson and William Weigel violated his constitutional rights to effective assistance of counsel and to self-representation in connection with their handling of his defense in the ongoing state criminal proceedings against him fail to state a claim upon which relief may be granted.  It is well established that a public defender does not act under color of state law, an essential element of an action under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).[1]

Plaintiff's allegations that unnamed employees at the Santa Clara County Jail and Napa State Hospital violated his constitutional rights in connection with the conditions of his confinement at those institutions will be dismissed without prejudice to bringing in a separate suit because it is well established that "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

B.    Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED for lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend under the authority of 28 U.S.C. § 1915A(b).  Plaintiff's allegations against the named defendants – Judge Paul, assistant public defenders Wilson and Weigel, the State of California and the County of

---

[1] Plaintiff also names as defendants the State of California and the County of Santa Clara on the apparent theory that the state is responsible for the actions/omissions of state judges and that the county is responsible for the actions/omissions of public defenders.  But it is well established that the state is immune from damages under the Eleventh Amendment and that the county cannot be held vicariously liable for the unconstitutional acts of its employees.  See Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997).

Santa Clara – are dismissed for failure to state a claim upon which relief may be granted and/or for seeking monetary relief from a defendant who is immune from such relief, and plaintiff's allegations against the unnamed employees at the Santa Clara County Jail and Napa State Hospital are dismissed without prejudice to bringing in a separate suit.

The clerk is instructed to terminate the motion appearing on ECF as item number 8.

**IT IS SO ORDERED**.

Dated: November 25, 2024

CHARLES R. BREYER
United States District Judge